# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEEL R. COLES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DAVID L. RUNNELS,<br><br>　　　　　Respondent. | 1:04cv06581 AWI TAG HC<br><br>REPORT AND RECOMMENDATION ON<br><br>PETITIONER'S MOTION FOR<br>PRELIMINARY INJUNCTION<br>(Doc. 11)<br><br>and<br><br>PETITIONER'S MOTION FOR<br>NO-ANSWER DEFAULT JUDGEMENT<br>(Doc. 15) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 15, 2004. (Doc. 1). On November 19, 2004, the case was transferred to the Fresno Division of the Eastern District pursuant to an order by the Magistrate Judge. (Doc. 2). On January 4, 2005, the Magistrate Judge issued an order requiring Respondent to file a response within 90 days. (Doc. 8).

On March 7, 2005, Petitioner filed a motion for preliminary injunction regarding what he perceived as a lack of access to the prison law library. (Doc. 11). On April 5, 2005, Respondent filed an answer to the instant petition. (Doc. 13). On April 11, 2005, Petitioner filed a motion for "no-answer default judgment," requesting the entry of a default judgment against Respondent for

1

his failure to file a response. (Doc. 15). On April 11, 2005, Petitioner filed a motion for extension of time to file a traverse. (Doc. 17). On April 19, 2005, Petitioner filed a supplemental declaration in support of his motion for no-answer default judgment. (Doc. 19). On April 25, 2005, the Court granted Petitioner an additional 30 days to file his traverse.

## DISCUSSION

A. Motion for Preliminary Injunction.

In his motion, Petitioner alleges that prison rules limit Priority Library Use ("PLU") status to those inmates with "a verifiable 30 day deadline." (Doc. 11, p. 1). Petitioner contends that because the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes only a one-year statute of limitations, not a thirty-day limit, inmates such as Petitioner who need access to the law library for their habeas proceedings are foreclosed from being given PLU status and thus are being "hampered" by this rule. (Id.). Petitioner also maintains that the prison has been in "lock-down" since June 17, 2003, and as a result, law library access is given to PLU status inmates first and only at the library's convenience are other inmates permitted access. (Id. at p. 2).

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id.

///

1  Moreover, an inmate alleging an access to the courts violation must demonstrate that he
2  has suffered or will imminently suffer actual injury. <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct.
3  2174, 2179 (1996). An inmate cannot establish actual injury by simply establishing that the
4  prison's law library access is sub-par in a theoretical sense. <u>Id</u>. at 2180. The inmate must show
5  that the library "hindered his efforts to pursue a legal claim." <u>Id</u>. To satisfy the actual-injury
6  requirement, an inmate must demonstrate that a non-frivolous legal claim has been frustrated or
7  is being impeded. <u>Id</u>. at 2181. Furthermore, "the injury requirement is not satisfied by just any
8  type of frustrated legal claim," but rather, the legal claim which was allegedly interfered with
9  must involve either the inmate's attempt to attack his sentence or an action to challenge the
10 conditions of his confinement. <u>Id</u>. at 2181-2182. The Ninth Circuit Court of Appeals has
11 interpreted this to mean that the right extends only through the pleading stage and is not a right to
12 successfully litigate the matter through resolution. See <u>Cornett v. Donovan</u>, 51 F.3d 894, 898 (9th
13 Cir. 1995).

14  Petitioner has failed to demonstrate that he suffers actual injury as a result of the law
15 library policies of which he complains. Although Petitioner contends that the prison rules, as
16 applied, appear to deny him PLU status, which, in the prison's current "lock-down" condition,
17 means that he will not be given priority access to the law library like other PLU status inmates,
18 such generalized allegations fail to demonstrate imminent or actual injury, as required by <u>Lewis</u>
19 <u>v. Casey</u>. Indeed, Petitioner's claim that his law library access is inadequate would seem to be
20 contradicted by the fact that he has filed a motion for preliminary injunction and a motion for no-
21 answer default judgment, both of which contain numerous legal citations and appear to be the
22 product of the very law library access about which Petitioner complains.

23  The deadline for the filing of Petitioner's traverse is the next scheduled event in these
24 proceedings. On April 19, 2005, Petitioner requested additional time to file a traverse. On April
25 25, 2005, Petitioner was granted an additional thirty days to file a traverse. Should Petitioner
26 experience difficulties in meeting that deadline due to his lack of access to the law library, he
27 may ask the Court for additional time in which to file a traverse. Accordingly, it appears that
28 ///

3

whatever law library access Petitioner currently is afforded is sufficient to meet his present needs in these proceedings.

Further, Petitioner's general request for law library access is not appropriate as part of a habeas corpus proceeding. A petition for writ of habeas corpus concerns whether petitioner's conviction and confinement violate the Constitution. 28 U.S.C. § 2254(a). Challenges to prison conditions are properly brought under 42 U.S.C. § 1983. McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Advisory Notes to Rule 1 of the Rules Governing § 2254 Cases. As discussed above, Petitioner states that his current law library access is insufficient. This appears to concern a condition of Petitioner's confinement and is not proper in a habeas corpus petition. Accordingly, the Court recommends that Petitioner's motion for preliminary injunction be denied.

B.  Motion for No-Answer Default Judgment.

Petitioner also requests that this Court enter default judgment against Respondent for Respondent's failure to file a response within the time period provided by the Court. (Doc. 15). Petitioner correctly notes in his motion that the Court ordered Respondent to file a response within 90 days of January 4, 2005.[1] (Doc. 15, p. 2; Doc. 8). Thus, Respondent had until April 4, 2005, within which to comply with the Court's order.[2] Respondent filed an answer on April 5, 2005. (Doc. 13). However, Petitioner did not file the instant motion for default judgment until April 11, 2005, six days after Respondent's answer was filed. A defendant may appear in an action until his default is entered. Once a defendant's default has been entered, however, the defendant no longer hs the right to defend the action, unless the default is set aside. F.R.Civ.P. 55. In this instance, Respondent filed an answer *before* Petitioner filed a motion for default judgment. Accordingly, the court clerk properly filed the answer on April 5, 2005 and

///

---

[1] The Court's order was filed January 4, 2005. Ninety days from January 4, 2005 is April 4, 2005.

[2] The docket reflects that the Court's order requiring Respondent to file a response to the petition within ninety days from the date of service of the order, was re-served on Respondent on January 12, 2005. The docket does not reflect why the order was re-served. If the order was re-served on Respondent because Respondent was not in fact served with the order on April 4, 2005, Respondent had until April 12, 2005 to respond to the petition.

no grounds exist for the entry of default or default judgment. Petitioner's motion for no-answer default judgment should be denied.

### **RECOMMENDATION**

The undersigned recommends the following:

1. Petitioner's Motion for Preliminary Injunction be DENIED (Doc. 11); and

2. Petitioner's Motion for No-Answer Default Judgment be DENIED.  (Doc. 15).

This Report and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 25, 2005**              **/s/ Theresa A. Goldner**
j6eb3d                                              UNITED STATES MAGISTRATE JUDGE