UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JAMEEL R. COLES,** | ) | 1:04-cv-06581-AWI-TAG-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. #23)** |
| | ) | |
| v. | ) | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION (Doc. #11)** |
| | ) | |
| **DAVID L. RUNNELS,** | ) | **ORDER DENYING MOTION FOR DEFAULT JUDGMENT (Doc. #15)** |
| | ) | |
| Respondent. | ) | **ORDER DENYING MOTION FOR OBJECTIONS (Doc. #25)** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On April 26, 2005, the Magistrate Judge filed Findings and Recommendations that recommended Petitioner's motion for a preliminary injunction and motion for default judgment be denied. These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On May 3, 3005, Petitioner filed a motion for objections. On May 12, 2005, Petitioner filed objections to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the court concludes that the Magistrate Judge's Findings and Recommendation are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Petitioner contends in his objections, as he did in his motion, that he needs additional access

to the law library to file an adequate traverse.  Petitioner's constitional right to law library access extends only through the pleading stage, and Petitioner has not right to successfully litigate the matter through resolution.  See <u>Cornett v. Donovan</u>, 51 F.3d 894, 898 (9th Cir. 1995).  In addition, because the federal court is a court of limited jurisdiction, the court must have before it a case or controversy.  <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  Absent such a case or controversy, the court has no power to hear the matter.  <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).  The petition does not concern allegations regarding law library access.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).   "[T]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." <u>Lebron v. Armstrong</u>, 289 F. Supp. 2d 56, 61 (D. Conn. 2003).  Preliminary injunctive relief is designed to preserve the status quo regarding the substance of the case; it is not available for the purpose of ensuring that Plaintiff can effectively or efficiently litigate his case.  As Plaintiff's motion seeks to redress an injury unrelated to the underlying action, the preliminary injunction must be denied.

Accordingly, the court ORDERS that:

1. The Findings and Recommendation, filed April 26, 2005, are ADOPTED IN FULL;
2. Petitioner's motion for a preliminary injunction is DENIED;
3. Petitioner's motion for default judgment is DENIED; and
4. Petitioner's motion of objection is DENIED.

IT IS SO ORDERED.

**Dated:   February 14, 2006**            /s/ Anthony W. Ishii
0m8i78                                         UNITED STATES DISTRICT JUDGE