UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMEEL R. COLES, | ) | 1:04-CV-6581 AWI JMD (HC) |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION [Doc. #56] |
| | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| v. | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| D.L. RUNNELS, | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

**BACKGROUND**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 27, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On October 8, 2008, after being granted an extension of time, Petitioner filed objections to

the Findings and Recommendation.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.  The court makes the following comments to better explain the court's ruling in light of certain points raised in the objections.

**A.  Batson Challenge**

Petitioner contends that neither the trial court nor the Magistrate Judge took the appropriate steps once Petitioner had made a prima facia showing of discrimination because two African American jurors were excused.   Evaluation of allegedly discriminatory peremptory challenges to potential jurors in federal and state trials is governed by the standard established by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 89 (1986).  In Batson, the United States Supreme Court set out a three-step process in the trial court to determine whether a peremptory challenge is race-based in violation of the Equal Protection Clause.  See also Kesser v. Cambra, 465 F.3d 351 (9th Cir. 2006) (discussing at length the requirements of the court in analyzing a step-three Baton challenge).  At the first stage, "the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination."  Purkett v. Elem, 514 U.S. 765, 767 (1995).   The prosecutor must provide a clear and reasonably specific explanation of his legitimate reasons for exercising the challenges."  Baton, 476 U.S. at 98 n. 20. "A Baton challenge does not call for a mere exercise in thinking up any rational basis."  Miller-El, 125 S.Ct. at 2332.   Reasons must be "related to the particular case to be tried." Baton, 476 U.S. at 98. "[I]mplausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination." Purkett, 514 U.S. at 768.  To accept a prosecutor's stated nonracial reasons, the court need not agree with them. The question is not whether the stated reason represents a sound strategic judgment, but "whether counsel's race-neutral explanation for a peremptory challenge should be believed." Hernandez v. New York, 500 U.S. 352, 365 (1991) (plurality opinion).    Here, as explained in more detail by the Magistrate Judge, there were race neutral reasons to excuse both jurors.   One juror had a brother on death row and expressed concern over how she would feel if one of the men on trial were her son.  The second juror was saddened that young black men were on trial for murder and

1  she did not trust the police.  "When there is reason to believe that there is a racial motivation for the
2  challenge, the court is not bound to accept at face value the provided list of neutral reasons."
3  Johnson v. Vasquez, 3 F.3d 1327, 1331 (9th Cir.1993).  This, turns the court to the third step.
4       At the third Baton step, the trial court must determine whether there has been intentional
5  discrimination by determining whether counsel's race-neutral explanation for a peremptory challenge
6  should be believed. Hernandez, 500 U.S. at 359, 365. Although the burden remains with the defendant
7  to show purposeful discrimination, the third step of Baton primarily involves the trier of fact. Purkett,
8  514 U.S. at 768.  The trial court must evaluate the prosecutor's proffered reasons and credibility under
9  the totality of the relevant facts, using all the available tools including its own observations and the
10 assistance of counsel. Mitleider v. Hall, 391 F.3d 1039, 1047 (9th Cir. 2004).  The court must consider
11 the record as a whole and each explanation in order to determine whether an invidious discriminatory
12 purpose may be inferred from the totality of the relevant facts of the case. Kesser v. Cambra, 465 F.3d
13 351, 360 (9th Cir.2006)  The totality of the relevant facts includes prosecutor's statements about his jury
14 selection strategies and his explanations (racial and nonracial) for striking minority jurors. Id. "They
15 also include the characteristics of people he did not challenge." Id.   While there is no specific
16 requirement that the court develop a comparative juror analysis,  panel member comparisons may show
17 discrimination if a prosecution's reasons for exercising peremptory strikes against some panel members
18 appeared  equally on point as to other panel members not excused. Miller-El v. Dretke, 545 U.S. 231,
19 241 (U.S. 2005).   Here, the trial court did not error in failing to find a discriminate reason in excusing
20 the two jurors.   While the third step in the Baton challenge requires the court to review of the totality
21 of the situation, including whether jurors left on the panel  made similar statements as the ones excluded,
22 Batson does not mandate a full blown evidentiary hearing along with opportunities for all parties to call
23 witnesses.   Based on the evidence before the court, the court agrees that Petitioner has not shown the
24 state court's decision was contrary to clearly established federal law.

25 **B.  Alleged Jury Instruction Errors**

26       Petitioner next complains that the Supreme Court did not deny his jury instruction challenge
27 on procedural grounds.   It appears that, while the Supreme Court could have denied Petitioner's jury
28 instruction claim on procedural grounds, the Supreme Court's failure to cite a procedural rule means

1  these claims are not procedurally defaulted.    Regardless, Petitioner is not entitled to any relief on
2  the merits of these claims.

3  Habeas corpus is unavailable for alleged errors in the interpretation or application of state
4  law. <u>Estelle v. McGuire</u>, 502 U.S. 62 (1981).   A challenge to jury instructions does not generally
5  state a federal constitutional claim. <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1197 (9th Cir.1983); <u>see also</u>
6  <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir.1985).   The review available "is limited to
7  deciding whether a conviction violated the Constitution, laws, or treaties of the United States
8  (citations omitted)." <u>Estelle v. McGuire</u>, 502 U.S. at 68.   In order for error in the state trial
9  proceedings to reach the level of a due process violation, the error had to be one involving
10 "fundamental fairness." <u>Id</u>. at 73.   This category of infractions are very narrow. <u>Id</u>.

11 Petitioner complains that the court should not have instructed the jury with CALJIC 6.11 and
12 CALJIC 8.26.  Petitioner contends that the trial court erred because these instructions expand the co-
13 conspirator liability under the felony murder rule in a manner inconsistent with California law.
14 In <u>People v. Belmontes</u>, 45 Cal.3d 744 (1988) the California Supreme Court indicated that
15 conspiracy is a theory of criminal liability and does not need to be charged by a separate count:

> Failure to charge conspiracy as a separate offense does not preclude the People from proving that those substantive offenses which are charged were committed in furtherance of a criminal conspiracy [citation]; nor, it follows, does it preclude the giving of jury instructions based on a conspiracy theory.

19 <u>Belmontes</u>, 45 Cal.3d at 788-89.
20 The evidence here shows that Petitioner and others intended to agree or conspire to commit a
21 planned car jacking, and carried out overt acts in furtherance of the conspiracy.   There was also
22 evidence that at some point a conspiracy was created to kill the car's driver.   There being evidence
23 to support the elements of a conspiracy, the People were entitled to proceed on that theory of
24 liability.   This court is bound by the California Supreme Court's decision that an uncharged
25 conspiracy may be used to prove criminal liability for the acts of a coconspirator. <u>Auto Equity</u>
26 <u>Sales, Inc. v. Superior Court</u>, 57 Cal.2d 450, 455 (1962).

27 Petitioner does not cite a single federal case and this court's own research has failed to turn
28 up precedent to support Petitioner's claim that the jury instructions on conspiracy are not allowed

when the prosecution's case is based on felony murder.   No Supreme Court case has held that California's theory of derivative liability, as set forth in CALJIC No. 6.11 , improperly creates criminal liability or applies the natural and probable consequence doctrine in an over-broad fashion. To restate, there is no applicable "clearly established federal law." Rather, Petitioner's second claim is nakedly a state issue tacked on to a federal habeas petition.   It is long and firmly established that an uncharged conspiracy may properly be used to prove criminal liability for acts of a coconspirator. People v. Lopez, 60 Cal.2d 223 (Cal. 1963).

As to Petitioner's claim evaluated under federal habeas standards, the California State courts' decisions were not "objectively unreasonable."   Because there is no clearly established federal law at stake to be unreasonably applied. Petitioner has failed to state a claim on which habeas relief can be granted.

**C.  No Evidentiary Hearing**

Petitioner next claims the Magistrate Judge erred by not giving Petitioner an evidentiary hearing.   However, Petitioner has never provided declarations from persons who would have spoken to Petitioner's attorney at the time of the trial let alone provided declarations from these propertied witnesses.

**D. Other Issues**

Petitioner objects to other findings made by the Magistrate Judge.   Because the objections do not cause the court to find any additional analysis is necessary, those portions of the Findings and Recommendations are adopted without any additional comment.

**E.  Appeal**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued August 27, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

1  3. The Clerk of Court is DIRECTED to enter judgment; and

2  4. The Court DECLINES to issue a certificate of appealability.

3

4 IT IS SO ORDERED.

5
    **Dated:**   **November 7, 2008**                  **/s/ Anthony W. Ishii**
6                                               CHIEF UNITED STATES DISTRICT JUDGE